UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN PATRICK LAWLESS,

          *Plaintiff,*

-against-

CARRINGTON MORTGAGE SERVICES, LLC,
EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
INNOVIS DATA SOLUTIONS, INC., AND TRANS
UNION LLC,

          *Defendants.*

Case No. 21 Civ. 01479 (KMK) (JCM)

## [PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff and all Defendants (collectively "Parties," and individually, "Party"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and/or may be sought, produced or exhibited by and among the Parties to the above-captioned action ("action") relating to trade secrets, confidential research, development, confidential commercial information, confidential employee information, confidential technology, and proprietary information belonging to the Defendants, and/or confidential personal information belonging to Plaintiff.

THEREFORE, a Stipulated Protective Order ("Order") of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. The following provisions shall govern the exchange of confidential information in this action.

2. As used herein, "document," whether singular or plural, is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized compilations.

3. Counsel for any Party ("designating Party") may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential or highly confidential, as outlined in Paragraphs 9 and 10 below,

1

if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated as such are to be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (collectively, confidential information and documents are "Confidential Information"). To the extent electronically stored information is produced in a format that does not permit the branding of the designation on the face of the document (*e.g.* native Excel or database exports), the designating Party shall add the abbreviation "CONF." or "H. CONF." to the file name of such documents.

4. Confidential Information can include, but is not limited to, nonpublic information that is competitively sensitive and/or proprietary to the designating Party or a nonparty, or the person or entity from whom the designating Party or a nonparty received such information, or from which competitively sensitive or proprietary information belonging to the foregoing could be derived. In particular, a designating Party may designate as confidential documents, including, without limitation (i) documents containing information relating to confidential financial and/or business operations, business ventures, strategic plans, processes, designs, applications, or trade secrets; and/or (ii) information required to be maintained as confidential by foreign, federal, state, or local laws, rules, regulations, or ordinances governing or relating to privacy rights, including any and all personally identifiable financial information and nonpublic personal information of customers and consumers.

5. Unless ordered by the court or otherwise provided for herein, Confidential Information disclosed will be held and used by the Party receiving such information ("receiving Party") solely for use in connection with this action. Under no circumstances shall Confidential Information be used for any business, commercial, competitive or personal purposes, or in or for any litigation which is not a part of this action.

6. Whether or not stamped or otherwise designated Confidential Information, any and all documents and information disclosed by any Party concerning any consumer other than Plaintiff in this action shall be treated as Confidential Information by all Parties.

7. Burden on Designating Party: Except for documents and information concerning consumers other than Plaintiff (which shall be treated as Confidential Information pursuant to Paragraph 6, above), this Order shall be without prejudice to the right of any Party to bring before this Court at any time the question of whether any particular information is properly designated Confidential Information. The burden of proving that information is properly designated pursuant to

this Order, except with respect to documents and information concerning consumers other than Plaintiff, shall be on the designating Party.

8. In the event that one Party challenges another Party's designation of documents or information as Confidential Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may thereafter seek resolution by the Court. Nothing in this Order constitutes an admission by any Party that Confidential Information disclosed in this action is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

9. "Confidential" Designation. Except with the prior written consent of the designating Party, information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. A Party and that Party's counsel of record in this action and any co-counsel, including in-house counsel.

    b. Employees of such counsel assigned to and necessary to assist in the action.

    c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

    d. Subject to the condition set forth in Paragraph 14 below: consultants or experts in the prosecution or defense of the action, who are employed by the Parties and who are actively involved in this action, to the extent deemed necessary by counsel.

    e. Subject to the condition set forth in Paragraph 14 below: any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information.

    f. The author of the document or the original source of the information (including current or former employees and agents of the author of documents, to the extent reasonably necessary for prosecution or defense of the claims), and any known recipients

10. "Highly Confidential – Attorney's Eyes Only" Designation.
   a. If a Party, or nonparty producing documents in this action, believes in good faith that, despite the provisions of this Order, there is a substantial risk of identifiable harm to the designating Party or a nonparty if particular documents it designates as "Confidential" are disclosed, a Party may designate those particular documents as "Confidential – Attorney's Eyes Only." Information and documents so designated are to be stamped "CONFIDENTIAL – ATTORNEY'S EYES ONLY."
   b. Except with the prior written consent of the designating Party, a document or portions of a document as "Confidential – Attorneys' Eyes Only" or pursuant to a court order, any document, transcript, or pleading given "Confidential – Attorneys' Eyes Only" treatment hereunder, and any information contained in or derived from any such materials (including, but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential – Attorneys' Eyes Only" hereunder) may not be disclosed to any person other than:
      i. A Party's outside counsel of record in this action and co-counsel of record, if any, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this action;
      ii. Subject to the condition set forth in Paragraph 14, below, experts specifically consulted in their capacity as consultants or expert witnesses in connection with this action;
      iii. The Court and its personnel;
      iv. Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this action;
      v. The author of the document or the original source of the information (including current or former employees and agents of the author of documents, to the extent reasonably necessary for prosecution or defense of this action); and
      vi. Subject to the condition set forth in Paragraph 14 of the Order: any fact

        witnesses, other than any current or former employees, agents or affiliates of any credit clinic, credit repair organization, or lender or loan servicer not a Party to this action , properly identified in any Party's initial disclosures and as further limited by Paragraph 10d, below.

  c. Prior to Plaintiff disclosing or displaying materials designated "Confidential–Attorney's Eyes Only" to any fact witness not identified in Plaintiff's initial disclosures, Plaintiff's counsel shall: (a) notify the designating Party of the identity of such witnesses and (b) provide such individual or entity with fourteen (14) days to object prior to any such disclosure.

  d. Except with the prior written consent of a Party designating a document or portions of a document as "Confidential – Attorney's Eyes Only," or pursuant to prior order after notice, no materials designated "Confidential – Attorney's Eyes Only" shall be disclosed to any current or former employees, agents or affiliates of any credit clinic, credit repair organization, or lender or loan servicer not a Party to this action.

  e. Unless otherwise specified herein, all provisions of this Order discussing or referencing Confidential Information shall apply equally to materials designated "Confidential – Attorney's Eyes Only."

    11.    Use of Confidential Information at Trial: Nothing in this Order shall prevent a Party from using at trial any information or materials designated Confidential Information.

    12.    Transcripts of a deposition or other testimony, or portions thereof may be designated by any Party as containing Confidential Information by so notifying the court reporter and the non-designating Parties at any time during or after the conclusion of the deposition or other testimony, or by sending a notice to all counsel of record within thirty business days following the deposition or other testimony. In all events, all deposition transcripts or other testimony shall be treated as Confidential Information for up to and including thirty days after receipt of the transcript by the Parties. Unless otherwise agreed to by all Parties, during any deposition that includes testimony designated as Confidential Information, any and all individuals who are not entitled to access to such testimony under the terms of this Order shall be excluded from the deposition.

                                              5

13. Prior to disclosing or displaying Confidential Information to any person, counsel shall:
    a. inform the person of the confidential nature of the information or documents;
    b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this action and has enjoined the disclosure of that information or documents to any other person.

14. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 9(d), 9(e), and 10(b) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

15. Confidentiality Designation Does Not Constitute Evidence: This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as Confidential Information nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

16. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after that close of discovery or fourteen (14) days after the production of the document or information, whichever is sooner. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of this Order.

17. Clawback for Privileged Information: If a Party's production of documents inadvertently includes privileged documents or documents containing privileged information, such Party's inadvertent production of any such documents will not constitute a waiver of privilege. Upon being advised by a Party or its counsel that a particular document or class of documents has been inadvertently produced and is claimed to be privileged or to contain privileged information, the receiving Party shall promptly take reasonable steps to locate and return or destroy all copies of any such document (with the producing Party bearing the reasonable costs of such locating and return or destruction, including any reasonable database modification costs) and any such document shall

not thereafter, in any event, be used for any purpose, unless adjudicated not to be privileged. Nothing in this Paragraph shall alter any attorney's responsibilities under applicable laws or codes of ethics when confronted with inadvertently produced privileged information or documents.

18. All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation, any applicable rules of the Court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any further act by the Parties as a precondition to the filing of documents under seal (beyond the submission of this Order), it shall be the obligation of the Party desiring to file the Confidential Information with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

19. Should access to Confidential Information be sought from any recipient thereof by any person or entity, pursuant to subpoena or other legal process under applicable law, rule, or regulation, the recipient will, unless prohibited by applicable law or regulation (a) promptly notify counsel to the designating Party in writing of the requested access; (b) prior to producing any such information, provide the designating Party reasonable time to seek a court order preventing or limiting the production of such information; and (c) use best efforts to enter into a confidentiality agreement with the person or entity seeking access to such information that provides the designating Party substantially the same protections as this Order.

20. This Order shall survive the termination of the action. Within 30 days of the final disposition of this action, all Discovery Material designated as Confidential Information, and all copies thereof, shall be promptly returned to the producing Party, or, upon permission of the producing Party, destroyed. Notwithstanding the preceding sentence, Counsel for the parties may retain copies of all documents, including those designated as Confidential Information, in their respective working files ("File Copies") on the condition that such File Copies will remain confidential and may not be used except in connection with the Counsel's representation of their respective clients in this action.

21. Executed Certifications of Confidentiality: at the conclusion of the action, each Party, upon request, shall provide to all other Parties all signed certificates executed in the form set forth in

Exhibit A to the Order.

22. The foregoing is without prejudice to the right of any Party to apply to the Court for any further order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by any Party, and the Parties agree that any violation of this Order may result in the imposition of sanctions by the Court.

Dated: June 11, 2021

/s/ Brett D. Sherman
Sherman & Ticchio PLLC
60 E. 42nd Street, Suite 4600
New York, NY 10165
brett@st-legal.com
(212) 324-3874
*Counsel for Plaintiff*

/s/ Ashley S. Miller
Akerman LLP.
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
ashley.miller@akerman.com
(212) 822-2255
*Counsel for Carrington Mortgage Services, LLC*

/s/ Neil S. Scott
JONES DAY
250 Vesey Street
New York, NY 10281
nscott@jonesday.com
(212) 326-3693
*Counsel for Experian Information Solutions, Inc.*

/s/ Courtney Stieber
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
cstieber@seyfarth.com
(212) 218-3382
*Counsel for Equifax
Information Services LLC*

/s/ Camille R. Nicodemus
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
cnicodemus@schuckitlaw.com
(317) 363-2400
*Counsel for Defendant Trans Union, LLC*

SO ORDERED.

Hon. Kenneth M. Karas
United States District Judge

6/14/21

## EXHIBIT A DECLARATION OF COMPLIANCE

I,_____, declare as follows:

1. My address is _____.
2. My present employer is_____.
3. My present occupation or job description is_____.
4. I have received a copy of the Stipulated Protective Order entered in this action on ____ _____, 20___.
5. I have carefully read and understand the provisions of this Stipulated Protective Order.
6. I will comply with all provisions of this Stipulated Protective Order.
7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.
8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.
9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the documents.
10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this_____day of_____, 20_ at_____.

_____
QUALIFIED PERSON